UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHN TURNER, | Case No. 2:24-cv-01234-APG-EJY |
| Petitioner, | **Order to Show Cause** |
| v. | [ECF No. 1-1] |
| JEREMY BEAN, et al., | |
| Respondents. | |

*Pro se* Petitioner John Turner has submitted a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, a motion for leave to proceed *in forma pauperis* ("IFP"), and a motion for appointment of counsel. ECF Nos. 1, 1-1 ("Petition"), 1-2.  I grant Turner's motion for leave to proceed IFP; however, for the reasons discussed below, following a review of the Petition under the Rules Governing Section 2254 Cases, I defer ruling on the motion for appointment of counsel and instruct Turner to show cause why the Petition should not be dismissed as second or successive.

I.     BACKGROUND[1]

Turner challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County ("state court"). *State of Nevada v. John Turner*, Case No. C-16-314750-1. On September 12, 2016, the state court entered a judgment of conviction, pursuant to a guilty plea, for abuse, neglect, or endangerment of a child.  Turner was sentenced to 28 to 72 months in prison.  Turner appealed, and the Nevada Supreme Court dismissed the appeal as untimely and denied rehearing.  On December 5, 2016, Turner filed his first state petition for a writ of habeas

---

[1] I take judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts, which are accessible at https://www.clarkcountycourts.us/portal and http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

corpus.  The state court denied Turner post-conviction relief on March 21, 2017.  Turner appealed, and the Nevada Court of Appeals affirmed.  Turner then filed three more unsuccessful state habeas petitions.

On or about March 21, 2019, Turner initiated a federal habeas corpus proceeding in case number 2:19-cv-00493-JAD-DJA,[2] challenging his September 12, 2016, state judgment of conviction.  United States District Judge Jennifer A. Dorsey dismissed Turner's petition with prejudice as time-barred on September 2, 2020, and judgment was entered.  Turner did not appeal this order.

Turner transmitted his instant Petition on or about July 9, 2024. ECF No. 1-1.

## II. DISCUSSION

Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019).  This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, or false. *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).  The court may also dismiss claims at screening for procedural defects. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).

"[A] federal habeas petition is second or successive if the facts underlying the claim occurred by the time of the initial petition, . . . and if the petition challenges the same state court judgment as the initial petition." *Brown v. Muniz*, 889 F.3d 661, 667 (9th Cir. 2018).  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides, in relevant part,

---

[2] I take judicial notice of the online docket records of this case.

that a claim presented in a second or successive federal petition that was not presented in a prior petition shall be dismissed unless:

> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). Before a second or successive petition may be filed in a federal district court, a habeas petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the petition. *See id.* § 2244(b)(3). The district court does not have jurisdiction to entertain a second or successive petition absent such permission. *See Brown*, 889 F.3d at 667. "[I]n cases involving doubt about whether a petition will be deemed second or successive," the Ninth Circuit has instructed "petitioners to seek authorization in [its] court first, rather than filing directly in the district court." *Goodrum v. Busby*, 824 F.3d 1188, 1195 (9th Cir. 2016) (citation omitted).

Turner's Petition appears to challenge the same September 12, 2016, judgment of conviction that was challenged in case number 2:19-cv-00493-JAD-DJA. And the petition filed in 2:19-cv-00493-JAD-DJA was dismissed with prejudice. Because Turner did not answer the question on the Petition regarding whether "the Ninth Circuit Court of Appeals [had] given [him] permission to file this successive petition" (*see* ECF No. 1-1 at 2), I find jurisdiction potentially lacking. As such, Turner must show cause why this action should not be dismissed for a lack of jurisdiction based on the Petition being second or successive.

I note, by statute and circuit rule, that I have discretionary authority to transfer Turner's Petition to the Ninth Circuit Court of Appeals for consideration as an application for leave to file

a second-or-successive petition. *See* 28 U.S.C. § 1631 (stating that whenever a court identifies a lack of jurisdiction, "the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed . . ."); 9th Cir. R. 22-3 ("If an unauthorized second or successive section 2254 petition . . . is submitted to the district court, the district court may, in the interests of justice, refer it to the court of appeals."). If Turner desires that I exercise this discretionary authority, he may so state in his response to this Order.

## III.   CONCLUSION

I THEREFORE ORDER that the motion for leave to proceed IFP **(ECF No. 1) is granted**.

I FURTHER ORDER that, on or before September 6, 2024, Turner must show cause why this action should not be dismissed for a lack of jurisdiction based on the Petition being second or successive.  **If Turner does not timely and fully respond to this Order, this action will be dismissed without further advance notice**.

Dated: July 11, 2024

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE