UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHN TURNER,<br><br>　　　　　Petitioner,<br><br>v.<br><br>JEREMY BEAN, et al.,<br><br>　　　　　Respondents. | Case No. 2:24-cv-01234-APG-EJY<br><br>**Dismissal Order** |

*Pro se* Petitioner John Turner submitted a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. ECF No. 1-1 ("Petition"). I reviewed the Petition and ordered Turner to show cause why the Petition should not be dismissed as second or successive. ECF No. 3. Turner timely responded. ECF No. 4. For the reasons discussed below, I dismiss this matter based on a lack of jurisdiction, but I instruct the Clerk of Court to transfer Turner's Petition to the Court of Appeals for the Ninth Circuit.

**I.　　BACKGROUND**[1]

Turner challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County ("state court"). *State of Nevada v. John Turner*, Case No. C-16-314750-1. On September 12, 2016, the state court entered a judgment of conviction, pursuant to a guilty plea, for abuse, neglect, or endangerment of a child. Turner was sentenced to 28 to 72 months in prison. Turner appealed, and the Nevada Supreme Court dismissed the appeal as untimely and denied rehearing. On December 5, 2016, Turner filed his first state habeas petition. The state court denied Turner post-conviction relief on March 21, 2017. Turner appealed, and the Nevada Court of Appeals affirmed. Turner then filed three more unsuccessful state habeas petitions.

---

[1] I repeat this background section from my previous Order for clarity purposes.

On or about March 21, 2019, Turner initiated a federal habeas corpus proceeding in case number 2:19-cv-00493-JAD-DJA, challenging his September 12, 2016, state judgment of conviction. United States District Judge Jennifer A. Dorsey dismissed Turner's petition with prejudice as time-barred on September 2, 2020, and judgment was entered. Turner did not appeal this order.

Turner transmitted his instant Petition on or about July 9, 2024. ECF No. 1-1.

## II. SECOND OR SUCCESSIVE LEGAL STANDARD

"[A] federal habeas petition is second or successive if the facts underlying the claim occurred by the time of the initial petition, . . . and if the petition challenges the same state court judgment as the initial petition." *Brown v. Muniz*, 889 F.3d 661, 667 (9th Cir. 2018). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides, in relevant part, that a claim presented in a second or successive federal petition that was not presented in a prior petition shall be dismissed unless:

> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). Before a second or successive petition may be filed in a federal district court, a habeas petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the petition. *See id.* § 2244(b)(3). The district court does not have jurisdiction to entertain a second or successive petition absent such permission. *See Brown*, 889 F.3d at 667.

### III. DISCUSSION

In his response to the Order to Show Cause, Turner appears to contend that he is entitled to equitable tolling. *See* ECF No. 4. I did not order Turner to show cause why this action should not be dismissed as time-barred, so Turner's response to the Order to Show Cause is nonresponsive. Rather, Turner's equitable tolling arguments should have been presented, if at all, in case number 2:19-cv-00493-JAD-DJA.

Accordingly, because (1) Turner's Petition challenges the same September 12, 2016, judgment of conviction that was challenged in case number 2:19-cv-00493-JAD-DJA, (2) the petition filed in case number 2:19-cv-00493-JAD-DJA was dismissed with prejudice as time-barred, (3) the claims in the Petition are based on facts that had occurred by the time of Turner's prior federal petition, and (4) Turner makes no cogent argument regarding why his Petition should not be considered second or successive to the petition in case number 2:19-cv-00493-JAD-DJA, I find that Turner's Petition is second or successive. As such, because Turner has not received authorization from the Court of Appeals to file this second or successive petition, I dismiss the Petition without prejudice for a lack of jurisdiction and deny Turner's motion for appointment of counsel. I will, however, grant Turner's request[2] to exercise my discretionary authority to transfer the Petition to the Court of Appeals for consideration as an application for leave to file a second-or-successive petition. *See* 28 U.S.C. § 1631; 9th Cir. R. 22-3.

### IV. CONCLUSION

I THEREFORE ORDER that the Petition (ECF No. 1-1) is referred to the Court of Appeals for the Ninth Circuit for consideration as an application for leave to file a second or successive habeas corpus petition pursuant to Ninth Circuit Rule 22-3(a).

---

[2] *See* ECF No. 4 at 2.

I FURTHER ORDER that the motion for appointment of counsel **[ECF No. 1-2] is denied**.

I FURTHER ORDER that the Petition **[ECF No. 1-1] is dismissed without prejudice** to its refiling should Turner obtain permission to do so from the Court of Appeals for the Ninth Circuit. To the extent such analysis is required, a certificate of appealability is denied as reasonable jurists would not find the dismissal of the Petition to be debatable or wrong for the reasons discussed herein.

I FURTHER ORDER that the Clerk of Court (1) file the Petition (ECF No. 1-1), (2) send a copy of the Petition (ECF No. 1-1) and this Order to the Court of Appeals for the Ninth Circuit, (3) add Nevada Attorney General Aaron D. Ford as counsel for Respondents,[3] (4) provide the Nevada Attorney General with copies of the Petition (ECF No. 1-1), this Order, and all other filings in this matter by regenerating the notices of electronic filing, (5) enter judgment, and (6) close this case.

Dated: July 18, 2024

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[3] No response is required from Respondents other than to respond to any orders of a reviewing court.